FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALEXANDRYA R., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:20-CV-05231-JAG <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 18, 24. Attorney Chad Hatfield represents Alexandrya R. (Plaintiff); Special Assistant United States Attorney Michael Mullen represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

### I.    JURISDICTION

Plaintiff filed applications for Supplemental Security Income and Child Disability Benefits in February and March 2018, alleging disability since February

ORDER GRANTING PLAINTIFF'S MOTION . . . . - 1

15, 2015, due to schizoaffective disorder bipolar type, major depressive disorder, and gender dysphoric disorder. Tr. 86-87, 96-97. The applications were denied initially and upon reconsideration. Tr. 143-50, 153-58. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on March 18, 2020, Tr. 38-83, and issued an unfavorable decision on April 3, 2020. Tr. 16-32. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on September 25, 2020. Tr. 1-6. The ALJ's April 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 23, 2020. ECF No. 1.

## II.   STATEMENT OF FACTS

Plaintiff was born in 1994 and was 20 years old as of the alleged onset date. Tr. 86. She stopped attending school in the 8th grade and has a minimal work history, last having worked part-time in a party store when she was 16 years old. Tr. 876. She had a traumatic childhood, with abusive and addicted parents, and experienced numerous traumas while homeless in her 20s. Tr. 352, 759, 875-76, 1056-57, 1087. She has struggled with suicidal ideation and substance abuse for many years. Tr. 349, 425, 572, 836, 884-86, 1127. She achieved sobriety and a somewhat more stable home life in 2018 and 2019, but continued to experience depression and anxiety, particularly regarding leaving her home. Tr. 75-77, 1161.

## III.   STANDARD OF REVIEW

The ALJ is responsible for determining the reliability of a claimant's allegations, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by

ORDER GRANTING PLAINTIFF'S MOTION . . . - 2

substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*,

359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

"A finding of 'disabled' under the five-step inquiry does not automatically qualify a claimant for disability benefits." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (citing *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)). When there is medical evidence of drug or alcohol addiction (DAA), the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). In order to determine whether DAA is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). If the remaining limitations would not be disabling, DAA is a material contributing factor to the determination of disability. *Id.* If the remaining limitations would be disabling, the claimant is disabled independent of the DAA and the addiction is not a material contributing factor to disability. *Id.* Plaintiff has the burden of showing that DAA is not a material contributing factor to disability. *See Parra*, 481 F.3d at 748.

## V.    ADMINISTRATIVE FINDINGS

On April 3, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 16-32.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: polysubstance use disorders, gender dysphoria, PTSD, major

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

depressive disorder, generalized anxiety disorder, bipolar disorder, and unspecified personality disorder. Tr. 19.

At ***step three***, the ALJ found Plaintiff's impairments, including the substance use disorder, met sections 12.04 and 12.08 of 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 19-22.

Because of Plaintiff's substance abuse, the ALJ further considered her abilities if she were to stop using drugs and alcohol. Tr. 23. The ALJ found Plaintiff's remaining impairments would continue to be severe, but would not meet or medically equal a listing. Tr. 23-24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) in the absence of substance abuse and found she could perform work at all exertional levels, but had the following nonexertional limitations:

> [S]imple, routine tasks; no contact with the general public; no exposure to large crowds; occasional, superficial contact with coworkers but no collaborative tasks; normal supervision but not highly confrontational supervision; routine, predictable work environment with no more than occasional changes and no assembly-line pace or other fast-paced work; and no more than a moderate noise level (based on concentration).

Tr. 24.

At ***step four***, the ALJ found Plaintiff had no past relevant work. Tr. 31.

At ***step five***, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity were she to stop substance use, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of laundry worker, janitor, and industrial cleaner. Tr. 31.

The ALJ thus concluded Plaintiff's substance use disorder was a contributing factor material to the determination of disability, and thus Plaintiff

was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 31-32.

## VI. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the Commissioner erred by (1) failing to adequately evaluate Plaintiff's RFC in the absence of substance abuse; (2) improperly evaluating the medical opinion evidence; (3) failing to conduct an adequate step three evaluation; (4) rejecting Plaintiff's subjective complaints; and (5) making inadequate step five findings.

## VII. DISCUSSION

A.  **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 18 at 19-20. It is the province of the ALJ to make determinations regarding a claimant's allegations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25. The ALJ found Plaintiff's allegations to be undermined by inconsistent statements about when she achieved sobriety and about her suicidal ideation and self-harm behaviors, evidence of improvement with treatment, unremarkable objective evidence, her weak work history and job hunting, and her activities. Tr. 24-28.

Plaintiff argues the ALJ's analysis is insufficient, as her lack of work history is explained by her life-long disability, her job search efforts were not successful, and her activities were not inconsistent with her allegations. ECF No. 18 at 20. She further asserts the minor discrepancies regarding her precise sobriety date are irrelevant to her greater symptom allegations. *Id.* at 19. Defendant argues the ALJ reasonably considered contradictions between Plaintiff's statements and the medical record, specifically noting documentation of improvement in Plaintiff's conditions, her conflicting reports about substance abuse, and her activities and work history. ECF No. 24 at 3-8.

The Court finds the ALJ's assessment is insufficient. Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Records documenting improvement must be read in context, however. The fact that a person suffering from depression makes some improvement "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace. *Holohan v. Massanari,* 246 F.3d 1195, 1205 (9th Cir. 2001). Throughout the decision, the ALJ noted Plaintiff's improvement once she achieved sobriety and began receiving counseling and medication for her mental health conditions.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

While the ALJ is correct that the record contains indications of Plaintiff's improvement, the longitudinal record indicates Plaintiff continued to suffer from significant symptoms of anxiety and depression, including crippling agoraphobia, disrupted sleep, suicidal thoughts, and relationship difficulties and dependence on her partner. Tr. 1087-1169. At the hearing, Plaintiff acknowledged that she was doing somewhat better since moving to Washington and beginning treatment, but that she still had difficulties. Tr. 75-77. For example, at a counseling session Plaintiff was able to sit in the office with her counselor while her spouse went to the restroom, which the counselor noted to be progress. Tr. 1135. These ongoing symptoms were improved from earlier periods, but the records do not support the ALJ's implication that treatment controlled or eliminated Plaintiff's symptoms.

While an ALJ may consider a claimant's work history in assessing the validity of their claim, the ALJ's finding that Plaintiff's weak work history suggested her unemployment was related to factors other than her medical condition is not supported. Plaintiff has alleged disability since age 20, with trauma and suicidal ideation spanning back to her childhood. Tr. 352, 759, 875-76, 1056-57. Defendant's assertion that Plaintiff has virtually no work activity in the last 20 years is disingenuous in light of the fact that the claimant was only 26 years old. The ALJ additionally found that because Plaintiff applied for jobs, she may believe herself capable of employment. Tr. 28. Applying for work and being capable of working are not the same, however. The record contains no indication of whether Plaintiff was applying for full-time or part-time jobs, and even the act of asking for applications or dropping off her resume were fraught and something that she was only able to do with the assistance of her peer counselor. Tr. 327-43, 364-71. Similarly, the activities the ALJ identified of Plaintiff meeting her counselor in public and joining a hiking group are not inconsistent with her reported symptoms of agoraphobia. These were structured activities that were a

ORDER GRANTING PLAINTIFF'S MOTION . . . - 8

part of her treatment. Additionally, meeting in public was not notable, as Plaintiff was homeless at the time, so spent all of her time out-of-doors. Tr. 368, 378, 416. The ALJ's discussion does not present clear and convincing reasons for finding Plaintiff's allegations to be unreliable.

An ALJ may consider a claimant's inconsistent statements when assessing the reliability of their symptom testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ, however, failed to identify any substantial inconsistency in Plaintiff's testimony. While the records contain some minor discrepancies as to Plaintiff's exact sober date, the record generally supports (and the ALJ found) that Plaintiff last used hard drugs sometime in the first part of 2018. Tr. 20, 994, 1013, 1057, 1088. The ALJ found Plaintiff's testimony that she is not able to leave home alone to be inconsistent with going to appointments unaccompanied; however, Plaintiff's testimony was that she is *almost* always accompanied, and the record contains only one treatment note indicating Plaintiff attended therapy without her spouse. Tr. 1161.

Finally, the ALJ found Plaintiff's statements to be unsupported by the largely unremarkable objective evidence. Tr. 27. This cannot, however, be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). Additionally, the record contains numerous objective signs of Plaintiff's ongoing struggles, including abnormal mood and affect, nervousness and hesitancy about pushing herself, hopeless and helpless thoughts, and suicidal ideation. Tr. 1097, 1100, 1108, 1113-14, 1129-30, 1141-43, 1155, 1161, 1169. While some objective indicators were normal or unremarkable, the record still contained evidence of Plaintiff's ongoing severe conditions.

On remand, the ALJ shall reconsider Plaintiff's subjective reports in context with the entire record.

B.     **Medical Opinion Evidence.**

Plaintiff contends the ALJ erred by improperly assessing the medical opinion evidence. ECF No. 18 at 9-17.  For claims filed on or after March 27, 2017, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source.  20 C.F.R. § 404.1520c(c).  The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  *Id*.  The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b).  The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the

more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).  The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion.  *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

### 1.    *Dr. N.K Marks.*

Plaintiff attended a consultative psychological exam with Dr. Marks in September 2018.  Tr. 1056-61.  Dr. Marks reviewed a prior evaluation and conducted a clinical interview and mental status exam.  *Id.*  She diagnosed Plaintiff with major depressive disorder, unspecified personality disorder with borderline features, generalized anxiety disorder, gender dysphoria, and unspecified trauma-related disorder.  Tr. 1058.  She opined Plaintiff was markedly impaired in asking simple questions or requesting assistance, communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and completing a normal workday and work week without interruptions from psychologically based symptoms.  Tr. 1059.  She further stated that the limitations were not primarily the result of a substance use disorder and would persist for 12 months.  *Id.*

The ALJ found this opinion was not persuasive, noting Plaintiff was not in treatment at the time and had mislead Dr. Marks as to the nature and duration of her sobriety.  Tr. 30.  He further found the mental status exam from the report was unremarkable and that the impairments were based only on Plaintiff's self-reported hallucinations with no observations of Plaintiff responding to stimuli.  *Id.*

Plaintiff argues the ALJ erred by failing to address any of the assessed functional limitations or clearly discuss the factors of supportability and

consistency. ECF No. 18 at 11-13. She further argues that the ALJ improperly inserted his own assessment of the mental status findings for that of Dr. Marks and failed to explain the effect of any alleged ongoing substance abuse on the findings. *Id.* Defendant argues the ALJ reasonably found Dr. Marks' opinion to be unsupported by the largely normal mental status exam and the opinion's dependence on Plaintiff's unreliable subjective reports. ECF No. 24 at 14-15. With respect to consistency, Defendant argues Plaintiff was not receiving any mental health treatment at the time of the exam, undermining Dr. Marks' statement that Plaintiff's limitations would last for a year with available treatment. *Id.* at 15.

The Court finds the ALJ's discussion is insufficient. Dr. Marks conducted a clinical interview and mental status exam, which contain abnormal findings. Tr. 1056-61. The nature of psychological exams is such that opinions will always be somewhat based on the reports of the subject, as has been noted by the Ninth Circuit:

> Moreover, as two other circuits have acknowledged, "[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology …" *Blankenship v. Bowen,* 874 F.2d 1116, 1121 (6th Cir. 1989) (quoting *Poulin v. Bowen,* 817 F.2d 865, 873-74 (D.C. Cir. 1987)). Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. *See Poulin,* 817 F.2d at 873 ("[U]nlike a broken arm, a mind cannot be x-rayed."). Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.

*Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Additionally, as discussed above, the ALJ improperly disregarded Plaintiff's subjective reports.

With respect to the role of substance use, the Court finds the ALJ's discussion is not clearly relevant to the supportability of Dr. Marks' opinion. As

discussed above, there are some discrepancies in the record as to the exact date of Plaintiff's last use of hard drugs, but the ALJ found Plaintiff had achieved sobriety by the time Dr. Marks conducted her exam. Throughout the rest of the decision, the ALJ did not appear to treat occasional ongoing alcohol or marijuana use as material to the analysis. As discussed further below, on remand the ALJ must reconsider the DAA analysis in its entirety, including being consistent about the relevance of any ongoing alcohol or marijuana use.

The Court further finds that the ALJ failed to address the other most important factor of consistency. Dr. Marks' opinion is consistent with some of the other opinions, which the ALJ did not address. Particularly notable is Dr. Carstens' reviewing opinion, which noted that the diagnoses and functional limits contained in Dr. Marks' opinion were supported by the clinical evidence in her report. Tr. 1062.[1]

On remand, the ALJ shall reconsider Dr. Marks' opinion along with the rest of the record.

### 2. *Dr. David Morgan.*

Plaintiff attended a psychological consultative exam with Dr. David Morgan in March 2017. Tr. 1050-54. Dr. Morgan diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, and borderline personality disorder, and assessed marked and severe limitations in nearly all work-related functional abilities. Tr. 1051-52.

---

[1] The ALJ found Dr. Carstens' opinion to not be persuasive for the same reasons as Dr. Morgan and Dr. Marks. Tr. 30. As discussed further below, the ALJ also erred in his discussion of Dr. Morgan. Therefore, the ALJ shall reconsider Dr. Carstens' opinion along with Dr. Marks and Dr. Morgan.

The ALJ found this opinion was outside of the periods at issue and noted that the assessed duration was only eight months. Tr. 23-30. The ALJ further noted that the opinion was not persuasive as to an alleged period of sobriety because the record indicated it was possible Plaintiff was still using substances at the time or was still suffering the lingering effects, and that she was not receiving treatment at the time. *Id.* The ALJ finally noted that Dr. Morgan's mental status exam findings were not that remarkable. Tr. 30.

Plaintiff argues the ALJ's discussion was insufficient, as he failed to address the consistency or supportability of the opinion, his findings regarding substance abuse were purely speculative, and that the timeline of the longitudinal record indicates the durational requirements were met. ECF No. 18 at 13-14. Defendant argues the ALJ reasonably found the mental status exam to be unremarkable, and thus unsupportive of the extreme opinion. ECF No. 24 at 11-12. Defendant further argues that the opinion was not consistent with other evidence that showed abstinence and treatment to be beneficial to Plaintiff's functioning, and reasonably found the opinion to be outside of the relevant time period and to not meet the durational requirement. *Id.* at 12-13.

The Court finds the ALJ's discussion is not supported by substantial evidence. The ALJ's discussion of the evidence of substance abuse does not support his finding that Plaintiff was possibly using substances at the time of the exam or that the effects of past substance use were still lingering. This was speculation on the ALJ's part. The fact that Plaintiff was not receiving treatment at the time is only relevant to an assessment of whether she failed to seek or follow treatment that was expected to restore her ability to work.

The ALJ's conclusion that the mental status exam was "not that remarkable" is lacking in specificity, particularly given the findings that she was unkept, inappropriately dressed, had an anxious mood, and was not within normal limits on

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14

memory testing. Tr. 1053-54. While this portion of the ALJ's discussion goes to the supportability factor, the conclusion is not supported by substantial evidence.

With respect to the timing of the report, while the ALJ is correct that this opinion post-dates the period for establishing eligibility for Child Disability Benefits,[2] it is within the claimed period of disability, and thus would be relevant to determining whether Plaintiff continued to qualify for CDB benefits, were she found eligible. It is also within a year of the protected filing date for SSI, and thus was relevant to the development of the record, despite SSI benefits not being *payable* prior to the filing date. 20 C.F.R. §§ 416.335, 416.912(b).

On remand the ALJ shall reconsider Dr. Morgan's opinion, along with the rest of the record.

### 3. *Other Opinions.*

Plaintiff additionally challenges the ALJ's treatment of treating provider Christina Hodge and the medical expert who testified at the hearing, Dr. Nance. ECF No. 18 at 9, 15-17. Given the other issues already identified, the ALJ shall also reconsider these opinions on remand.

## C. **Materiality of Substance Abuse.**

The Social Security Act bars payment of benefits when drug addiction and alcoholism (DAA) is a contributing factor material to a disability claim. 42 U.S.C. §§ 423(d)(2)(C) & 1382(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001). If there is evidence from an acceptable medical source that a claimant has a substance abuse disorder and the claimant succeeds in proving disability, the Commissioner must determine whether DAA is *material* to the determination of

---

[2] To be eligible, a claimant must establish disability prior to attaining age 22. 20 C.F.R. § 404.350(a)(5). Plaintiff turned 22 in 2016, over a year before this exam took place.

disability. 20 C.F.R. § 416.935; SSR 13-2p at ¶ 8(b)(i) (Feb. 20, 2013), *available at* 2013 WL 621536. That is, the ALJ must perform the sequential evaluation process a second time, separating out the impact of the claimant's DAA, to determine if she would still be found disabled if she stopped using drugs or alcohol. *Bustamante*, 262 F.3d at 955. DAA is a materially contributing factor if the claimant would not meet the SSA's definition of disability if the claimant were not using drugs or alcohol. 20 C.F.R. § 416.935(b).

The ALJ found that Plaintiff's substance use was material to the finding of disability. Tr. 20-24, 31-32. Specifically, he found that when Plaintiff stopped using IV drugs in 2018 and began receiving treatment in 2019, she experienced substantial improvement in her abilities, to the point where her conditions no longer met or equaled a listing and she was capable of performing work. *Id.*

Plaintiff argues the ALJ's findings regarding the listings and the RFC in the absence of substance use were not supported by substantial evidence, as the record shows continuing disabling symptoms even during periods of sobriety. ECF No. 18 at 8-9, 17-19. Defendant argues the ALJ cited ample evidence supporting the listing and RFC findings and reasonably relied on the testimony of the medical expert. ECF No. 24 at 18-21.

While the ALJ followed the directives of Social Security Ruling 13-2p in evaluating Plaintiff's limitations with and without the impact of DAA, and adequately explained his reliance on the testimony of the medical expert, the Court finds the ALJ must reconsider the DAA analysis on remand. As discussed above, the ALJ's findings of improvement with treatment were flawed, failing to acknowledge the context of indications of improvement. Secondly, the ALJ made numerous references throughout the decision to Plaintiff's ongoing alcohol and marijuana use, even after the acknowledged sobriety date. At times, the ALJ implies that this ongoing use indicated medical opinions were not reliable, as

1  Plaintiff had not actually achieved sobriety. On remand, these inconsistent
2  findings must be remedied. Finally, the ALJ appears at times to conflate substance
3  use and Plaintiff's lack of treatment. At various points in the decision the ALJ
4  notes Plaintiff was continuing to use substances or had not engaged in treatment or
5  received medication for her mental health concerns, using these factors
6  interchangeably in assessing the reliability of Plaintiff's reports and the
7  persuasiveness of the medical opinions. However, these are two separate factors.
8  On remand, the ALJ shall reconsider Plaintiff's substance use and treatment
9  history in assessing the various periods and Plaintiff's functional abilities with and
10 without substance use.

11 **D.    Step Five.**

12     Plaintiff argues that the ALJ erred in his step five determination because the
13 testimony of the vocational expert was premised on an incomplete hypothetical
14 stemming from an inaccurate residual functional capacity determination. ECF
15 No. 18 at 21. Considering the case is being remanded for the ALJ to properly
16 address the medical opinion evidence and Plaintiff's subjective symptom
17 testimony, the ALJ will be required to make a new step five determination and call
18 upon a vocational expert to provide testimony.

19                    **VIII.  CONCLUSION**

20     Plaintiff argues the decision should be reversed and remanded for the
21 payment of benefits. The decision whether to remand for further proceedings or
22 reverse and award benefits is within the discretion of the district court. *McAllister*
23 *v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is
24 appropriate where "no useful purpose would be served by further administrative
25 proceedings, or where the record has been thoroughly developed," *Varney v.*
26 *Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or
27 when the delay caused by remand would be "unduly burdensome," *Terry v.*
28

ORDER GRANTING PLAINTIFF'S MOTION . . . - 17

*Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not at all clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were evaluated consistent with this Order. Further proceedings are necessary for the ALJ to properly address the medical opinions in the record, to properly consider Plaintiff's symptom statements, and to reevaluate the materiality of substance use. On remand, the ALJ shall reevaluate the evidence of record, making findings on each of the five steps of the sequential evaluation process, and taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED IN PART.**

2. Defendant's Motion for Summary Judgment, **ECF No. 24**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

5.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 20, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE